UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Case no.: 24-CV-886(DSD/DLM)

Asante Jahi Simmons.,

        Plaintiff,

v.

Alexander Vladimir Brown.,

        Defendant.

**DEFENDANT'S
MEMORANDUM OF LAW IN
SUPPORT OF HIS MOTION TO
STAY PROCEEDINGS**

**INTRODUCTION**

Plaintiff served his Complaint upon Defendant. Defendant timely tendered the

Complaint requesting defense and indemnification upon the City of Minneapolis ("City")

pursuant to City policy and Minn. Stat. §466.07. The City denied Defendant's request for

defense and indemnification. Defendant appealed the City's decision via *writ of*

*certiorari* with the Minnesota Court of Appeals. Oral argument took place on July 17,

2025 and a decision is pending from the Minnesota Court of Appeals.

This Court has already found good cause exists to stay proceedings while defense

and indemnification appeals are pending. *See Awaijane, et al, v. Bittell, et al,* 23-CV-

2892 (ADM/SGE).

Defendant submits this request for a stay of proceedings until a decision is

rendered by the Court of Appeals to reduce expenditures of unnecessary attorneys' fees,

1

conserve judicial resources, to control its docket, and provide for the just determination of the case before the Court.

## STANDARD OF REVIEW

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)); *see also Armstrong v. Mille Lacs Cnty. Sherriff's Dept.*, 112 F. Supp. 2d 840, 843 (D. Minn. 2000) ("As a Federal District Court, we have the inherent power to stay the proceedings of an action, so as to control our docket, to conserve judicial resources, and to provide for the just determination of the cases which pend before us.") (citations omitted). "A district court has broad discretion to stay proceedings when appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006) (citation omitted).

"The party requesting a stay 'bears the burden of establishing its need.' " *Parada v. Anoka Cnty.*, No. 18-795, 2020 WL 6488794, at *2 (D. Minn. Nov. 4, 2020) (quoting *Clinton v. Jones*, 520 U.S. 681, 708, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997)). "Traditionally, an applicant for a stay has the burden of showing specific hardship or inequity if he or she is required to go forward." *Jones v. Clinton*, 72 F.3d 1354, 1364 (8th Cir. 1996). Relevant factors when deciding whether to stay a case pending appeal are: "(1) whether the stay applicant has made a strong showing that he is

likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Garcia v. Target Corp.*, 276 F. Supp. 3d 921, 924 (D. Minn. 2016) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)). "Other factors relevant to the district court's consideration when determining whether to stay proceedings include maintaining control of its docket, conserving judicial resources, and providing for the just determination of cases pending before the court." *Id.* (cleaned up).

## ARGUMENT

### *1. Defendant is likely to succeed on the merits at the Minnesota Court of Appeals*

Defendant appealed the City's motion based upon a number of arguments: that the City's decision was arbitrary, capricious, unreasonable, lacking substantial evidentiary support, a violation of Defendant's due process rights, and an error of law. *See In re Defense and Indemnification of Alexander Vladimir Brown*, A24-2003.

The City of Minneapolis failed to provide adequate notice and a reasonable opportunity to respond prior to its denial of defense and indemnification. In its letter refusing to accept defense and indemnification, it failed to identify any evidence or reasons in its initial decision not to accept defense and indemnification, and, instead, required Defendant to submit facts, argument, and evidence to prove that he did not fall

3

within one of the exclusionary categories of mandatory defense and indemnification pursuant to Minn. Stat. §466.07.

The Eight Circuit Court of Appeals along with significant Federal authorities found "[t]he right to be informed of adverse evidence to be weighed by the trier of fact is basic to due process in all types of proceedings, whether they be judicial or quasi-judicial hearings." *Tyler v. Swenson*, 427 F.2d 412, 416 (8th Cir. 1970)(citing *Cf. Gonzales v. United States*, 348 U.S. 407 (1955); *Simmons v. United States*, 348 U.S. 397 (1955); *United States v. Nugent*, 346 U.S. 1, (1953); *Ohio Bell Telephone Co. v. Public Utilities Comm'n*, 301 U.S. 292, 300 (1937); *United States v. Cummins*, 425 F.2d 646 (8th Cir. 1970); *Chernekoff v. United States*, 219 F.2d 721 (9th Cir. 1955); *Thompson v. Louisville*, 362 U.S. 199 (1960)). Critically here, the City held all evidence and access to such evidence. The City had the pleasure to review over nine months of discovery material including over numerous documents and hours of body camera footage. The City hand selected minimal documents to justify its predetermined conclusion in violation of Defendant's due process rights, creating an arbitrary and unreasonable result.

Similar to *Minnesota Chapter of Associated Builders and Contractors, Inc. v. Ellison*, "Defendant['s] appeal is neither "utterly lacking in merit" nor brought "for the purpose of delay only." 759 F.Supp.3d 919, 926 (D. Minn. Dec. 16, 2024) *quoting Johnson v. Hay*, 931 F.2d 456, 459 n.2 (8th Cir. 1991).

The City also failed to rely upon any opinion or information from any official within the Minneapolis Police Department justifying its erroneous decision. Finally, it is

4

in the public's best interest to require defense and indemnification in a scenario such as this case where a Plaintiff, if truly wronged, has the ability to recover damages.

Defendant has a high likelihood of success on appeal.

## 2. *Defendant will be irreparably injured absent a stay*

Defendant will be irreparably harmed in additional, potentially unnecessary fees for dispositive motion practice and trial preparation. Plaintiff, likewise, will also incur unnecessary attorney fees if the case continues without a resolution on defense and indemnification. If Defendant succeeds on his appeal, settlement of Plaintiff's claims has a substantially higher likelihood once Defendant is defended and indemnified by the City.

## 3. *Issuance of the stay will not substantially injure the Plaintiff*

Plaintiff's claim is based upon a single interaction between Plaintiff and Defendant. There is no claim for ongoing or future potential violations against Plaintiff. In fact, staying the proceedings benefits Plaintiff in that it creates a substantially higher likelihood of resolution once the issue of defense and indemnification is resolved. Staying the proceedings will not injure Plaintiff whatsoever. The motion to stay proceedings should be granted.

## 4. *The public interest lies in issuing a stay.*

It is in the public interest to stay the proceedings pending resolution of Defendant's appeal of the City's denial of defense and indemnification. Plaintiff and Defendant will expend unnecessary time and resources engaging in dispositive motion practice and trial preparation without having the ability to resolve the case. If the Court of

Appeals ultimately reverses the City's decision, significant resources will have been unnecessarily exhausted. "[T]here is also a public interest in conserving public resources and the efficient functioning of government." *Minnesota Chapter of Associated Builders and Contractors, Inc.,* 759 F.Supp. 3d at 926 quoting *Eggert ex rel. Eggert v. Chaffee Cnty.,* No. 10-CV-01320-CMA-KMT, 2010 WL 3359613, at *4 (D. Colo. Aug. 25, 2010).   Additionally, it is in the public's best interest to insure that employers are required to defend and indemnify employees who are acting within the scope of their employment and consistent with the training they received from the employer.

## CONCLUSION

Defendant's appeal is based upon a constitutionally protected property interest which was deprived without due process. It is imperative for the issue of defense and indemnification to be resolved prior to dispositive motion practice and trial. The parties cannot engage in reasonable settlement discussions while the issue is pending. It is in the parties' best interest and in the interest of conserving judicial resources to stay proceedings until the issue of defense and indemnification is resolved.

Dated: July 25, 2025                    **KELLY & LEMMONS, P.A.**


                                        /s/ Joseph A. Kelly
                                        Joseph A. Kelly (#389356)
                                        jkelly@kellyandlemmons.com
                                        Rebecca L. Duren (#0393624)
                                        rduren@kellyandlemmons.com
                                        2350 Wycliff Street, #200
                                        St. Paul, MN 55114
                                        (651) 224-3781
                                        F: (651) 223-8019

                                        *Attorneys for Alexander Brown*